OPINION
{¶ 1} On May 8, 2003, the Morgan County Grand Jury indicted appellant, Theodore Lescody, on two counts of possession of crack cocaine in violation of R.C. 2925.11 and one count of tampering with evidence in violation of R.C. 2921.12.
 {¶ 2} A jury trial commenced on February 13, 2004. The jury found appellant guilty on one of the possession counts and the tampering count, and not guilty of the second possession count. By sentencing entry filed February 20, 2004, nunc pro tunc journal entry and journal entry filed May 5, 2004 and nunc pro tunc journal entry and sentencing entry filed June 1, 2004, the trial court sentenced appellant to eleven months on the possession count and four years on the tampering count, to be served concurrently.
 {¶ 3} On April 13, 2006, appellant filed a petition to vacate or set aside judgment of sentence, claiming his sentence was unconstitutional pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. By journal entry filed April 18, 2006, the trial court denied the petition.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED BY IMPOSING AN ELEVEN (11) MONTH SENTENCE ON COUNT ONE (1) OF THE INDICTMENT CHARGING THE DEFENDANT WITH POSSESSION OF DRUGS IN VIOLATION OF OHIO REVISED CODE 2925.11 A FELONY OF THE FIFTH DEGREE WITH A PRESUMPTIVE MINIMUM OF SIX (6) MONTHS; `A FIFTH DEGREE HAVING A STATUTORY RANGE OF SIX (6) MONTHS TO ONE (1) YEAR', WITHOUT MAKING THE JUDICIAL FINDINGS TO DEPART FROM THE PRESUMPTIVE MINIMUM OF SIX (6) MONTHS BY JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSIONS BY THE DEFENDANT."
 II {¶ 6} "THE TRIAL COURT ERRED BY IMPOSING A FOUR (4) YEAR SENTENCE ON COUNT TWO (2) OF THE INDICTMENT CHARGING THE DEFENDANT WITH POSSESSION OF DRUGS IN VIOLATION OF OHIO REVISED CODE 2925.11 A FELONY OF THE FIFTH DEGREE WITH A PRESUMPTIVE MINIMUM OF SIX (6) MONTHS `A FIFTH DEGREE HAVING A STATUTORY RANGE OF SIX (6) MONTHS TO ONE (1) YEAR, WITHOUT MAKING THE JUDICIAL FINDINGS TO DEPART FROM THE PRESUMPTIVE MINIMUM OF SIX (6) MONTHS, BY A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION BY THE DEFENDANT, WHEN THE JURY DID NOT FIND DEFENDANT GUILTY OF COUNT TWO OF THE INDICTMENT."
 III {¶ 7} "THE TRIAL COURT ERRED BY IMPOSING A FOUR (4) YEAR SENTENCE ON COUNT THREE OF THE INDICTMENT CHARGING THE DEFENDANT WITH TAMPERING WITH EVIDENCE IN VIOLATION OF OHIO REVISED CODE 2912.12(A)(1) A FIFTH DEGREE FELONY, WHEN THE JURY FOUND DEFENDANT GUILTY ON COUNT THREE OF THE INDICTMENT CHARGING THE DEFENDANT WITH TAMPERING WITH EVIDENCE IN VIOLATION OF OHIO REVISED CODE 2912.12(A)(1) A FIFTH DEGREE FELONY WITHOUT MAKING THE JUDICIAL FINDINGS TO DEPART FROM THE PRESUMPTIVE MINIMUM OF SIX (6) MONTHS `A FIFTH DEGREE HAVING A STATUTORY RANGE OF SIX (6) MONTHS TO ONE (1) YEAR' BY A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION BY THE DEFENDANT, WHICH IS A VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION TRIAL BY JURY, AND A VIOLATION OF THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION DUE PROCESS CLAUSE RIGHT AND EQUAL PROTECTION CLAUSE RIGHT."
 IV {¶ 8} "THE TRIAL COURT ERRED BY ENHANCING COUNT THREE A FIFTH DEGREE FELONY AT THE SENTENCING PHASE; A FIFTH DEGREE FELONY BEING A DEGREE OF FELONY WITH A PRESUMPTIVE MINIMUM OF SIX (6) MONTHS HAVING A STATUTORY RANGE OF SIX (6) MONTH TO ONE (1) YEAR; `THAT'S REFLECTED IN THE CHARGING INDICTMENT (APPENDIX EXHIBIT A) AND THE JOURNAL ENTRY (APPENDIX EXHIBIT B) OF THE JUROR'S VERDICT OF GUILTY', TO A THIRD DEGREE FELONY; A THIRD DEGREE FELONY BEING A DEGREE OF FELONY WITH A PRESUMTPTIVE MINIMUM OF ONE (1) YEAR HAVING A STATUTORY RANGE OF ONE (1) YEAR TO FIVE (5) YEARS; `THAT'S REFLECTED IN THE SENTENCING ENTRY (AAPENDIX C), WITHOUT SUBMITTING JUDICIAL FINDINGS AND FACTS TO A JURY AND FOUND BEYOND A REASONABLE DOUBT OR ADMISSION BY DEFENDNAT TO DEPART FROM THE PRESUMPTIVE MINIMUM OF THE FIFTH DEGREE FELONY."
 I, II, III, IV {¶ 9} Appellant claims his sentence violates the dictates ofBlakely v. Washington (2004), 542 U.S. 296, and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 10} We note appellant was never sentenced on Count Two as the jury found appellant not guilty of the charge.
 {¶ 11} This matter involves a denial of a petition for postconviction relief, not a direct appeal. As a result, it is not subject to the resentencing remand of Foster:
 {¶ 12} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Booker,543 U.S. at 268, 125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v.Kentucky, 479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ('A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final')." Foster, at ¶ 106.
 {¶ 13} In addition, appellant never filed a direct appeal. Challenges to the sentence were clearly available on direct appeal and therefore res judicata applies. As stated by the Supreme Court of Ohio in State v. Perry (1967),10 Ohio St.2d 175, paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief. The Perry court explained the doctrine at 180-181 as follows:
 {¶ 14} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."
 {¶ 15} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief.
 {¶ 16} Assignments of Error I, II, III and IV are denied.
 {¶ 17} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.